**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-CV-01347-RPM-MJW

JEANNIE PRICE and COLIN MONTEATH,

    Plaintiffs,

v.

RANDOM HOUSE, INC.,
R.R. DONNELLEY & SONS COMPANY,
BERRYVILLE GRAPHICS, INC., and
OFFSET PAPERBACK MANUFACTURERS, INC.,

    Defendants.

---

**AMENDED ANSWER OF DEFENDANT OFFSET PAPERBACK MANUFACTURERS, INC. TO FOURTH AMENDED COMPLAINT**

---

Defendant Offset Paperback Manufacturers ("Offset") submits the following Amended Answer to the Fourth Amended Complaint. Numbered paragraphs herein correspond with the same numbered paragraphs in the Fourth Amended Complaint.

**STATEMENT OF ACTION**

1. Offset affirmatively states that this action purports to be an action alleging copyright infringement and denies the remaining allegations contained in paragraph 1.

**PARTIES**

2. Offset is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 2 and therefore denies them.

3. Offset is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 and therefore denies them.

4. Offset admits that Villard Books is an imprint of the Random House Publishing Group, a division of Random House, and that Anchor Books is an imprint of the Knopf Doubleday Publishing Group, a division of Random House.  Offset is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and therefore denies them.

5. Offset is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraph 5 and therefore denies them.

6. Offset denies that Berryville Graphics, Inc. ("Berryville") is a Virginia corporation; it is, in fact, a Delaware corporation.  Offset admits that Berryville produces millions of books each year.  As to Berryville's alleged "affiliation" with Random House, Offset states that Berryville is owned by Bertelsmann, Inc., that Bertelsmann, Inc. owns Bertelsmann Publishing Group, Inc. and that Bertelsmann Publishing Group, Inc. owns Random House, Inc.  Offset is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 6 and therefore denies them.

7. Offset admits that it is a Pennsylvania corporation that produces millions of books each year.  As to Offset's alleged "affiliation" with Random House, Offset states that it is owned by Bertelsmann, Inc., that Bertelsmann, Inc. owns Bertelsmann Publishing Group, Inc. and that Bertelsmann Publishing Group, Inc. owns Random House, Inc.  Offset is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 and therefore denies them.

## JURISDICTION AND VENUE

8. Offset admits that Plaintiffs seek certain remedies and assert certain claims, but denies that Plaintiffs are entitled to relief.

9. Offset does not contest subject matter jurisdiction.

10. Offset does not contest venue.

## FACTS COMMON TO ALL COUNTS

11. Offset is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 and therefore denies the same.

12. Offset is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 and therefore denies the same.

13. Offset is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 and therefore denies the same.

14. Offset is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 and therefore denies the same.

15. Offset denies that the trade paperback was published in 1998. It was published in 1999. Offset admits the remaining allegations of paragraph 15.

16. Offset is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 and therefore denies them.

17. Offset is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 and therefore denies them.

18. Offset is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 and therefore denies them.

19. Offset is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 and therefore denies them.

20. Offset admits that more than 1,000,000 copies of *Into Thin Air*, in soft cover format, were printed. Offset is without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 20 and therefore denies them.

21. Offset denies the allegations in paragraph 21.

22. Offset is without knowledge or information sufficient to form a belief as to the allegations of paragraph 22 and therefore denies them.

23. Offset is without knowledge or information sufficient to form a belief as to the allegations of paragraph 23 and therefore denies them.

24. Offset admits that it printed *Into Thin Air*, in the mass market paperback edition, and that it may have received profits from such printings. Offset denies the remaining allegations of paragraph 24.

**COUNT I**
**(COPYRIGHT INFRINGEMENT – RANDOM HOUSE)**
*(Into Thin Air-hardcover edition)*

25. No response required.

26. No response required.

27. No response required.

**COUNT II**
**(COPYRIGHT INFRINGEMENT – RANDOM HOUSE)**
*(Into Thin Air-paperback edition)*

28. No response required.

29. No response required.

30. No response required.

## COUNT III
## (COPYRIGHT INFRINGEMENT – DONNELLEY)

31. No response required.

32. No response required.

33. No response required.

## COUNT IV
## (COPYRIGHT INFRINGEMENT – BERRYVILLE)

34. No response required.

35. No response required.

36. No response required.

## COUNT V
## (COPYRIGHT INFRINGEMENT – OFFSET)

37. Offset incorporates its responses to paragraphs 1 through 24.

38. Offset denies the allegations in paragraph 38.

39. Offset denies the allegations in paragraph 39.

## GENERAL DENIAL

Defendant Offset denies all headings, conclusions of law, and allegations of the Complaint that have not been specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

2. Plaintiffs lack standing, in whole or in part, to assert copyright claims against Defendant Offset.

3. Plaintiffs' damages, if any, were the direct and proximate result of the acts or

2275588_1.doc                                                      5

omissions of parties other than Defendant Offset over whom Defendant Offset had no control and for whom Defendant Offset was not responsible.

4. Plaintiffs' claims are barred by the applicable statute of limitations.

5. Plaintiffs' claims are barred by laches.

6. Plaintiffs are barred by the doctrine of unclean hands.

7. Plaintiffs' claims are barred by the doctrines of waiver, estoppel, acceptance, consent, ratification, and/or acquiescence.

8. Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages, if any.

9. Plaintiff's damages, if any, were the direct and proximate result of the acts or omissions of nonparties pursuant to C.R.S. § 13-21-111.5.

10. Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to join an indispensable party.

11. Defendants' use of the photographs at issue is lawful pursuant to Section 107 of the Copyright Act and the doctrine of "fair use."

WHEREFORE, Defendant Offset respectfully requests that the Court enter judgment in its favor and against Plaintiffs, that Plaintiffs take nothing by way of their Complaint, and that Defendant Offset be awarded its costs and attorneys' fees to the extent allowed by law and/or the inherent powers of the Court.

Respectfully submitted this 11th day of March, 2010.

By: s/ Theresa L. Corrada
Theresa L. Corrada
ISAACSON ROSENBAUM P.C.
1001 17th Street, Suite 1800
Denver, Colorado 80202
Telephone: (303) 292-5656
Facsimile: (303) 292-3152
E-mail: tcorrada@ir-law.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of March, 2010, the foregoing was filed with the Court via ECF, and a copy was sent via ECF to the following:

Christopher Seidman, Esq.
Harmon & Seidman LLC
101 S. 3rd St, Ste 265
P.O. Box 3207
Grand Junction, CO 81502
chrisseidman@qwestoffice.net

Maurice Harmon, Esq.
Harmon & Seidman LLC
The Pennsville School
533 Walnut Drive
Northampton, PA 18067
maurice@mauriceharmon.com

s/ Theresa L. Corrada
Theresa L. Corrada
ISAACSON ROSENBAUM P.C.
1001 17th Street, Suite 1800
Denver, Colorado 80202
Telephone: (303) 292-5656
Facsimile: (303) 292-3152
E-mail: tcorrada@ir-law.com
*Attorneys for Defendants*